UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| IN RE: S-3 PUMP SERVICE, INC. | * | CASE NO. 16-10383 |
| DEBTOR | * | |
| | * | CHAPTER 11 |
| | * | |
| | * | JUDGE JEFFREY P. NORMAN |

## MOTION TO INCUR SECURED INDEBTEDNESS UNDER 11 U.S.C. §364(c)

S-3 PUMP SERVICE, INC., as debtor and debtor-in-possession ("Debtor"), files this motion to incur secured indebtedness under 11 U.S.C. §364(c) (the "Motion") and respectfully represents that:

1. On March 4, 2016, the Debtor filed its Petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to 11 U.S.C. §§1107 and 1108, the Debtor has retained possession of its assets and is authorized as debtor in possession to continue the operation and management of its business.

2. The Debtor's business is the performance of services in connection with the completion of wells for the production of oil and natural gas. Specifically, the Debtor is engaged in the business of contracting with oil and natural gas exploration and production companies for Debtor's personnel, utilizing Debtor's specialized frac pumps, to pump certain oilfield fluids down the well bore of newly-drilled wells and to perforate the well casing at one or more locations, thus performing a critical service in the completion of a hydrocarbon-producing well.

3.      At the time of the commencement of this case, the Debtor was engaged in providing such services at well locations in Ohio, East and West Texas and North Louisiana. The Debtor has continued to engage in new contracts for such services and has continued to provide such services since the commencement of this case. In the months preceding this case, the Debtor was generating over $1 million in revenues per month from such services. Since the commencement of this case, the Debtor has continued to contract for and performed these services in North Louisiana and East and West Texas on a pace to realize almost $1 million per month in sales.

4.      The Debtor's ability to continue to contract for and perform these services is dependent on the ability of the Debtor's skilled crews and equipment (consisting primarily of frac pumps mounted on flatbed trailers and transported by Peterbilt trucks, as illustrated on Exhibit A, and crew vehicles) to promptly travel to new well locations and timely perform the required services. This ability, in turn, is dependent on the Debtor's ability to purchase fuel for these Peterbilt trucks and other vehicles (primarily pickup trucks) to transport the skilled crews to the jobsites in West and East Texas and North Louisiana.

5.      In order to provide the services that Debtor expects to perform in the upcoming months, the Debtor anticipates that its future fuel bills will be $4,500.00 per week.

6.      Due to the far-flung territory over which Debtor performs its services and the size of its periodic fuel purchases, the Debtor historically financed its fuel purchases in the ordinary course of its business through a longstanding financing arrangement with Fleetcor Technologies Operating Company, LLC ("Fleetcor"), under which Fleetcor arranged for the issuance to the Debtor of multiple MasterCard fuel credit cards (the "Fuel Cards"), which were utilized by

Debtor's crews and drivers for fuel purchases. Historically, the Debtor fully paid all charges under the Fuel Cards within 30 days.

7. The Debtor believes that similar fuel financing arrangements with companies like Fleetcor on similar financing terms are customary for other, similarly situated, oilfield service providers in the oil and natural gas industry.

8. At the commencement of this case, the Debtor had no debt or payables owed to Fleetcor, and the Debtor actually had a credit balance of several thousand dollars in its account at Fleetcor.

9. The Debtor is desirous of maintaining its existing fuel financing arrangement with Fleetcor in Debtor's post-petition business operations. However, Fleetcor has required that the Debtor execute a new credit application (on substantially similar terms to the pre-petition financing terms) and additionally post a security deposit in certified funds with Fleetcor as conditions to Fleetcor's willingness to finance fuel purchases for Debtor on a post-petition basis. Attached as Exhibits B, C and D, respectively, are the proposed Fleetcor credit application, the terms and conditions to such application, and Fleetcor's proposed Security Deposit Agreement.

10. Specifically, Fleetcor is offering to deliver Fuel Cards to Debtor for fuel purchases on the following terms:

    a. Service fee of not more than 2% of charges;

    b. Interest rate: None;

    c. Maturity: Debtor will pay all fuel purchase charges within 14 days following each 30 day billing cycle; and

    d. Events of default: Failure to pay the charges within 30 days, thereby entitling Fleetcor to exercise rights against the Debtor's Security Deposit (defined below).

11. Fleetcor is requiring that Debtor deliver to Fleetcor a security deposit (the "Security Deposit") in certified funds of not less than the amount to be financed by Fleetcor, as a condition to Fleetcor's agreeing to this proposed financing arrangement.

12. The Debtor anticipates that its monthly fuel purchases will total approximately $20,000.00 per month. The Debtor proposes to post with Fleetcor a Security Deposit in the amount of $30,000.00.

13. An immediate need exists for the Debtor to obtain funds in order to purchase gasoline and diesel fuel to continue its business operations. Absent such financing, the Debtor has no means to purchase fuel, except by coordinating the weekly hand delivery of thousands of dollars of cash to its various drivers at locations hundreds of miles away from the Debtor's business office in Shreveport. If the Debtor cannot promptly purchase the necessary fuel to move its crews and equipment to new jobsites, the Debtor will be unable to generate the revenues needed to continue its business operations, and Debtor's business reputation among its customers will face irreparable damage.

14. The Debtor believes that it is unable in the ordinary course of its business or otherwise to obtain unsecured credit to finance its needed fuel purchases on terms allowable under 11 U.S.C. §364(a) or (b).

15. Apart from Fleetcor's new requirement for the Security Deposit, Fleetcor's terms for financing Debtor's fuel purchases are substantially similar to the arrangement in place between the Debtor and Fleetcor for the financing of Debtor's pre-petition fuel purchases. Such terms were negotiated on an arms' length basis, and such terms are commercially reasonable.

The Debtor believes that the terms proposed by Fleetcor for post-petition financing of the Debtor's fuel purchases are likewise commercially reasonable.

16. The Debtor currently has liquid assets of over One Million Three Hundred Thousand ($1,300,000.00) Dollars, and thus Debtor envisions no difficulty in promptly and fully servicing the debt obligations incurred to Fleetcor under this proposed financing arrangement.

17. No creditor of the Debtor holds any security interest in the Debtor's cash, bank deposits and other liquid funds, and no creditor holds any other type of "cash collateral" interest in the Debtor's assets. Accordingly, if this Court authorizes the Debtor to post the Security Deposit with Fleetcor, such funds will be unencumbered and free from the lien or interests of any creditor.

18. Approval by this Court of the financing by Fleetcor of the Debtor's post-petition fuel purchases upon the terms and conditions set forth hereinabove will minimize disruption of the Debtor's business operations, will increase the possibility of Debtor's successful reorganization and is in the best interests of the Debtor, its estate and its creditors. The provisions of the Order set forth as Exhibit E are fair and reasonable under the circumstances.

19. No creditors' committee has been appointed pursuant to 11 U.S.C. §1102 in this case.

20. The 20 largest creditors of Debtor have been or will be informed of this Motion, and such notice is reasonable and sufficient pursuant to the provisions of 11 U.S.C. §364 and Bankruptcy Rule 4001.

21. The Proposed Stipulation/Statement Regarding Debtor's Motion to Incur Secured Indebtedness Under 11 U.S.C. §364(c) is attached hereto as Exhibit F and is incorporated herein by reference.

WHEREFORE, S-3 PUMP SERVICE, INC., the Debtor, prays that after notice and hearing, this Court enter its Order in the form of Exhibit E to this Motion authorizing the Debtor to obtain credit on the terms set forth herein and authorizing the granting of security interests in the Security Deposit (as defined herein) and for such other relief to which the Debtor may be entitled.

Shreveport, Louisiana, March 14, 2016.

BLANCHARD, WALKER, O'QUIN & ROBERTS

By: /s/ Robert W. Johnson
     Robert W. Johnson, LA Bar #01444

P.O. Box 1126 (71163)
333 Texas Street #700 (71101)
Shreveport, Louisiana
318/221-6858
Fax: 318/227-2967

ATTORNEYS FOR S-3 PUMP SERVICE, INC.

# UNITED STATES BANKRUPTCY COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | | | |
|---|---|---|---|
| IN RE: | S-3 PUMP SERVICE, INC. | * | CASE NO. 16-10383 |
| | DEBTOR | * | |
| | | * | CHAPTER 11 |
| | | * | |
| | | * | JUDGE JEFFREY P. NORMAN |

## CERTIFICATE OF SERVICE

     I hereby certify that on March 14, 2016, I electronically filed the Motion to Incur Secured Indebtedness Under 11 U.S.C. §364(c), Granting Security Interests, Adequate Protection and Other Relief and all exhibits thereto with the Clerk of this Court using the CM/ECF electronic filing system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system at the email address registered with the court:

E. Keith Carter on behalf of Creditor Citizen's National Bank N.A.
ekcarter@rogerscarter.com

Frances Ellen Hewitt on behalf of Office of U.S. Trustee
Frances.Hewitt@usdoj.gov

John S. Hodge on behalf of Weiner, Weiss & Madison
jhodge@wwmlaw.com

J. Eric Lockridge on behalf of PACCAR Financial Group
eric.lockridge@keanmiller.com

Brent R. McIlwain on behalf of CIT Group
brent.mcilwain@hklaw.com

Robert W. Johnson on behalf of Debtor S-3 Pump Service, Inc.
rjohnson@bwor.com

Office of U. S. Trustee
USTPRegion05.SH.ECF@usdoj.gov

Stephen D. Wheelis on behalf of Ford Motor Credit Company LLC
steve@wheelis-rozanski.com

      I hereby further certify that a copy of the foregoing has been mailed to the Debtor's 20 largest unsecured creditors as shown on the list attached hereto, to all parties who have requested notice in this Chapter 11 case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure, and to Ford Motor Credit Company, LLC, ℅ Stephen D. Wheelis, Wheelis & Rozanski, PO Box 13199, Alexandria, Louisiana, 71315, by placing same in the United States mail, properly addressed, with sufficient postage affixed, this 15th day of March, 2016.

                                      /s/ Robert W. Johnson
                                      Of Counsel